FILED

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

2007 AUG 31 P 2: 12

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **IXI CORPORATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:07CV880-JCC/TRJ |
| ) | |
| **ROBERT GARY MAGNUSON,** ) | |
| Arlington, Virginia ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

IXI™ Corporation ("IXI" or the "Company"), by and through its undersigned counsel, hereby brings the following Complaint against Robert Gary Magnuson ("Magnuson") for injunctive relief and damages.

### PARTIES

1. IXI is a corporation incorporated under the laws of the State of Delaware. It maintains its headquarters at 7927 Jones Branch Drive, Suite 400, McLean, Virginia 22102.

2. Magnuson is a citizen of the Commonwealth of Virginia, residing in Arlington, Virginia.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides for original jurisdiction for all civil actions arising under the laws of the United States, and 28 U.S.C. § 1367, which provides for supplemental jurisdiction in any civil action in which the Court has original jurisdiction that they form part of the same case or controversy.

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the defendant resides in this district and the events or actions giving rise to this Complaint occurred in this judicial district.

## FACTUAL BACKGROUND

### IXI's Business

5.     IXI is a provider of wealth-based prospect targeting, customer segmentation, and market tracking solutions that provide financial services institutions the ability to score and measure their customers, prospects, and markets based on wealth, spending potential, and investment behavior through membership in the IXI▶Net Market Information Network, which was established by IXI.

6.     U.S. banks, life and annuity companies, and property and casualty companies are among the institutions to which IXI provides services.

7.     Given the nature of IXI's business, IXI maintains extremely confidential information belonging to its financial clients, including customer files and asset data. Such information is controlled in databases and files on servers in IXI's secure data center. To protect such information, IXI classifies information based on the sensitivity of such information and the sensitivity of the information controls the rights employees will have to access such information.

### Magnuson's Employment

8.     On December 4, 2006, IXI hired Magnuson as a Systems Administrator. In that role, his areas of responsibility included providing networking assistance to IXI employees, managing all upgrades and patches for IXI in-house and remote servers, monitoring assigned systems for overall system performance optimization and tuning, working with senior level information technology staff to evaluate system hardware and software requirements and make

recommendations, and handling software and hardware vendors to research problems and determine recommended solutions.

9. On December 14, 2006, Magnuson entered into an Agreement for Intellectual Property Protection with IXI that required Magnuson to protect IXI's confidential and proprietary information both during and after his employment with IXI.

10. At all times during his employment with IXI, Magnuson's use of IXI's information system was governed by the terms of the IXI Corporate Information Security Standards, which required proper business use of all computing resources and confidential information under IXI's care.

11. Less than five months after commencing his employment with IXI, on April 30, 2007, Magnuson informed IXI that he was resigning from his position with IXI effective May 11, 2007, to rejoin his former employer and serve in a network security role.

### Discovery of Magnuson's Improper Activities

12. On Magnuson's final day of employment with IXI, Magnuson's supervisor requested a electronic file from his desktop computer. In response, Magnuson informed his supervisor that he had just shut down his desktop and urged his supervisor to retrieve the file from another system.

13. Magnuson's supervisor was in need of the file and attempted to boot Magnuson's desktop but, suspiciously, it did not boot nor did his other workstation, which indicates that Magnuson may have tampered with, and caused damage to, IXI's system.

14. Since Magnuson's departure from IXI, IXI has learned that during Magnuson's employment, he wrongfully accessed and abused IXI's information systems.

15. IXI has since discovered that Magnuson performed various unauthorized actions on IXI's information systems during the term of his employment with IXI, including but not limited to the following:

    a. Magnuson deliberately installed a malicious password decrypting software on multiple IXI servers and created a file identifying passwords that had been decrypted.

    b. Without authorization, Magnuson accessed IXI's human resources and accounting systems.

    c. Without authorization, Magnuson attempted to connect to email accounts for key employees and, at least in one instance, sent an unauthorized email from another IXI user's account to IXI executives.

    d. Upon information and belief, Magnuson may have violated the copyrights of third parties by way of peer to peer software downloads of copyrighted information.

    e. After Magnuson's departure from IXI and without the knowledge or authorization of IXI, Magnuson attempted to gain access to IXI servers remotely through unauthorized means.

16. Upon information and belief, Magnuson engaged in a secret plot to assume the identity of various IXI users to gather and manipulate IXI information.

17. In an attempt to hide and disguise his secret plot, Magnuson took actions to cover up his tracks on Magnuson's last day of employment with IXI. These actions included deleting log files from corporate security systems that are unique and unrecoverable and attempts to remotely access IXI's information system after Magnuson was no longer employed with IXI.

18. By the installation of a malicious password decrypting software on multiple IXI servers, Magnuson has caused permanent damage to IXI's systems.

19. IXI has had to incur, and will continue to incur, significant expense to scan its information systems to determine the extent and nature of Magnuson's abuse, to take interim steps to protect its information systems from unauthorized access, and to rebuild its entire information system.

## COUNT I
## COMPUTER FRAUD AND ABUSE ACT

20. IXI incorporates by reference the allegations contained in paragraphs 1 through 19 of this Complaint as if set forth in its entirety.

21. The IXI computers that Magnuson accessed without authorization and/or by exceeding his authorization are "protected computers" within the meaning of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §1030(e)(2), in that they are used for and in interstate and foreign commerce.

22. In violation of 18 U.S.C. §§1030(a)(4) and (a)(5)(A) and without authorization, Magnuson deliberately installed a malicious password decrypting software on multiple IXI's servers, assumed the identity of various IXI users to gather and manipulate IXI information, and took such other actions complained of above.

23. Without authorization, Magnuson knowingly and with intent to defraud, accessed one or more protected computers belonging to IXI.

24. Without authorization, Magnuson knowingly accessed one or more protected computers and/or caused the transmission of a program, information, code or command, and as a result of such conduct, intentionally caused damage to IXI aggregating at least $5,000 in value. Magnuson's actions have impaired the integrity of certain IXI computers and the data stored on them.

25. Magnuson acted with reckless indifference to the rights of IXI when he took the aforementioned acts. Magnuson's conduct was willful and outrageous.

26. Magnuson's violations of the CFAA caused damage to IXI.

27. As a result of Magnuson's acts, Magnuson has caused IXI irreparable harm and will continue to cause IXI irreparable harm.

28. IXI has no adequate remedy at law and will continue to suffer substantial and immediate irreparable harm unless Magnuson is enjoined as requested below.

29. Greater injury will be inflicted upon IXI by the denial of this relief than will be inflicted on Magnuson by the granting of such relief.

WHEREFORE, IXI prays for the relief as set forth below.

## COUNT II
## VIRGINIA COMPUTER CRIMES ACT

30. IXI incorporates by reference the allegations contained in paragraphs 1 through 29 of this Complaint as if set forth in its entirety.

31. In violation of the Virginia Computer Crimes Act, Va. Code Ann. §18.2-152.3 ("VCCA"), and without authorization, Magnuson deliberately installed a malicious password decrypting software on multiple IXI servers, assumed the identity of various IXI users to gather and manipulate IXI information, and took such other actions complained of above.

32. Without authorization, Magnuson knowingly used IXI's computer with the intent to convert IXI's property. Magnuson's actions have impaired the integrity of certain IXI computers and the data stored on them.

33. Magnuson acted with reckless indifference to the rights of IXI when he took the aforementioned acts. Magnuson's conduct was willful and outrageous.

34. Magnuson's violations of the VCCA caused damage to IXI.

35. As a result of Magnuson's acts, Magnuson has caused IXI irreparable harm and will continue to cause IXI irreparable harm.

36. IXI has no adequate remedy at law and will continue to suffer substantial and immediate irreparable harm unless Magnuson is enjoined as requested below.

37. Greater injury will be inflicted upon IXI by the denial of this relief than will be inflicted on Magnuson by the granting of such relief.

WHEREFORE, IXI prays for the relief as set forth below.

## COUNT III
## TRESPASS TO CHATTELS

38. IXI incorporates by reference the allegations contained in paragraphs 1 through 37 of this Complaint as if set forth in its entirety.

39. The IXI computers and network that Magnuson used without authorization are tangible personal property in IXI's rightful possession.

40. Magnuson, by deliberately installing a malicious password decrypting software on multiple IXI servers, assuming the identity of various IXI users to gather and manipulate IXI information, and taking all other actions complained of above, intentionally and willfully used or intermeddled with IXI's personal property without IXI's authorization.

41. Magnuson's trespass impaired the condition, quality and value of IXI's information system and the data stored thereon.

42. Magnuson acted with reckless indifference to the rights of IXI when he took the aforementioned acts. Magnuson's conduct was willful and outrageous.

43. IXI has been damaged as a direct result of Magnuson's trespass.

44. As a result of Magnuson's acts, Magnuson has caused IXI irreparable harm and will continue to cause IXI irreparable harm.

45. IXI has no adequate remedy at law and will continue to suffer substantial and immediate irreparable harm unless Magnuson is enjoined as requested below.

46. Greater injury will be inflicted upon IXI by the denial of this relief than will be inflicted on Magnuson by the granting of such relief.

WHEREFORE, IXI prays for the relief as set forth below.

## COUNT IV
## **BREACH OF FIDUCIARY DUTIES**

47. IXI incorporates by reference the allegations contained in paragraphs 1 through 46 of this Complaint as if set forth in its entirety.

48. At all times relevant hereto, Magnuson was an employee of IXI and was an agent of his principal IXI.

49. As an employee and agent of IXI, Magnuson owed a duty of loyalty and good faith.

50. Magnuson, by deliberately installing a malicious password decrypting software on multiple IXI servers, assuming the identity of various IXI users to gather and manipulate IXI information, and taking all other actions complained of above, intentionally and willfully violated his duty of loyalty and good faith to IXI.

51. Magnuson acted with reckless indifference to the rights of IXI when he took the aforementioned acts. Magnuson's conduct was willful and outrageous.

52. IXI has been damaged as a direct result of Magnuson's breach.

WHEREFORE, IXI prays for the relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, IXI respectfully requests that the Court enter judgment in its favor against Magnuson by:

Case 1:07-cv-00880-JCC-TRJ   Document 1   Filed 08/31/07   Page 9 of 9 PageID# 10

  a. Entering a permanent injunction prohibiting Magnuson from accessing or attempting to access IXI's information systems;

  b. Entering an order directing Magnuson to pay damages to IXI for any actual losses or damages caused by Magnuson's actions and conduct in an amount to be proven at trial;

  c. Enter an award to IXI for its attorney's fees and costs;

  d. Entering an order directing Magnuson to pay punitive damages in the amount that the Court deems just and proper; and

  e. Entering an order awarding such other and further relief as the Court deems appropriate.

          Respectfully submitted,

          IXI CORPORATION
          By Counsel

COOLEY GODWARD KRONISH LLP
11951 Freedom Drive
Reston, Virginia 20190
(703) 456-8000

By: _____
Elizabeth L. Lewis (VSB #14117)
Robert R. Vieth (VSB #24304)
Cathryn Le Regulski (VSB #44281)
Counsel for Plaintiff

331103 v4/RE